John H. Adams, Jr., Bar No. 253341
jhadams@littler.com
Nicholas W. McKinney, Bar No. 322792
nmckinney@littler.com
LITTLER MENDELSON, P.C.
500 Capitol Mall, Suite 2000
Sacramento, California 95814
Telephone:    916.830.7200
Fax No.:       916.561.0828

Attorneys for Defendant
PROPAK LOGISTICS, LLC

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN KELL JR.,<br><br>             Plaintiff,<br><br>      v.<br><br>PROPAK LOGISTICS, LLC; and DOES 1 through 100,<br><br>             Defendants. | Case No.<br><br>*[Removed from Tehama Superior Court Case No. 23CI-000329]*<br><br>**NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION**<br><br>**[28 U.S.C. §§ 1332,1441, and 1446]**<br><br>Trial Date:  Not Yet Set<br>Complaint Filed:     December 1, 2023 |

LITTLER MENDELSON, P.C.
500 Capitol Mall, Suite 2000
Sacramento, CA 95814
916.830.7200

NOTICE TO FEDERAL COURT OF
REMOVAL OF CIVIL ACTION

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA, PLAINTIFF STEPHEN KELL JR., AND HIS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1332(a), 1441, and 1446 Defendant PROPAK LOGISTICS, LLC ("Defendant") hereby removes the above-captioned action brought by Plaintiff STEPHEN KELL JR. ("Plaintiff") from the Superior Court for the State of California, in and for the County of Tehama to the United States District Court, Eastern District of California.

## I.    STATEMENT OF JURISDICTION

1.    Removal is appropriate pursuant to 28 U.S.C. §§ 1332 and 1441 because this is a civil action in which Plaintiff and Defendant are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C §1441(b). As set forth below, Plaintiff was a citizen of California at the time the Complaint was filed in Tehama County Superior Court. Defendant ProPak Logistics, LLC ("ProPak") is a citizen of the State of Arkansas. The amount in controversy exceeds $75,000 based on the facts and prayer for relief pleaded in Plaintiff's Complaint. As set forth herein, this case meets all the requirements for removal, is timely, and is properly removed by the filing of this Notice.

## II.    VENUE

2.    This action was filed in the Superior Court for the State of California for the County of Tehama. Accordingly, venue properly lies in the United States District Court for the Eastern District of California pursuant to 28 U.S.C. sections 84, 1391, 1441 and 1446.

## III.    STATUS OF PROCESS, PLEADINGS AND ORDERS

3.    On December 1, 2023, Plaintiff Stephen Kell Jr. ("Plaintiff") filed a Complaint against Defendant in Tehama County Superior Court, titled: *STEPHEN KELL JR. v. PROPAK LOGISTICS, LLC., and DOES 1 through 100,* Tehama County Superior Court Case No. 23CI000329 (hereinafter, the "Complaint"). The Complaint asserts the following Claims: (1) Disability Discrimination – Disparate Treatment; (2) Failure to Engage in Interactive Process; (3) Failure to Accommodate Disability; (4) Retaliation in Violation of FEHA; (5) Failure to Prevent Discrimination and Retaliation; and (6) Wrongful Termination in Violation of Public Policy. (Declaration of John H. Adams, Jr.

LITTLER MENDELSON, P.C.
500 Capitol Mall, Suite 2000
Sacramento, CA 95814
916.830.7200

NOTICE TO FEDERAL COURT OF
REMOVAL OF CIVIL ACTION                    2.

["Adams Decl."], ¶ 2.) On December 1, 2023, Plaintiff also filed the Summons for this Complaint. (*Id.*) On December 12, 2023, Defendant was served the Summons, Complaint, and Notice of Mandatory Case Management Conference. (Adams Decl. ¶ 2). Attached as **Exhibit A** to the Adams Declaration is a true and correct copy of the Summons, Complaint and Notice referenced in this Paragraph.

4. On January 11, 2024, Defendant filed its Answer in the State Court Action. (Adams Decl. ¶ 3). Attached as **Exhibit B** to the Adams Decl. is a true and correct copy of Defendant's Answer filed with the State Court.

5. The documents attached hereto as **Exhibits A** and **B** to the Adams Decl. constitute all the process, pleadings or orders related to this case that were filed and/or served upon Defendant or filed or received in the State Court Action. (Adams Decl. ¶ 2 & 3). To Defendant's knowledge, no further process, pleadings, or orders related to this case have been filed in Tehama County Court. (*Id.*) The attachments thereby satisfy the requirements of 28 U.S.C. § 1446(a).

**IV.    TIMELINESS OF REMOVAL**

6. This Notice of Removal is timely. Under 28 U.S.C. section 1446(b), the notice of removal of a civil action must be filed within thirty (30) days after service of process. 28 U.S.C. § 1446(b); *see Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (the 30-day removal period runs from the service of the summons and complaint). Plaintiff served Defendant with a copy of Plaintiff's Summons and Complaint on December 12, 2023. (Adams Decl., ¶ 3). This Notice of Removal is filed within thirty days of December 12, 2023 and is therefore timely.

**V.    NOTICE TO PLAINTIFF**

7. As required by 28. U.S.C. § 1446 (d), Defendant provided written notice of the filing of this Notice of Removal to Plaintiff, attached hereto as **Exhibit C** to the Adams Decl.

**VI.    NOTICE TO SUPERIOR COURT**

8. Defendants also filed their Notice of Removal with the Clerk of the Tehama County Superior Court, attached hereto as **Exhibit D** to the Adams Decl.

///

///

LITTLER MENDELSON, P.C.
500 Capitol Mall, Suite 2000
Sacramento, CA 95814
916.830.7200

NOTICE TO FEDERAL COURT OF
REMOVAL OF CIVIL ACTION                    3.

## VII.   FACTS AND LAW SUPPORTING DIVERSITY JURISDICTION

9.     This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1332 and is one which may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. § 1441(b). Specifically, this is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

### A.   Amount In Controversy.

10.     Where the Complaint leaves the amount in controversy unclear or ambiguous, the defendant has the burden of proving by a preponderance of evidence that the amount in controversy exceeds $75,000. See *Singer v. State Farm Mutual Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997). This framework requires the removing defendant to establish that the plaintiff's total damages "more likely than not" exceed the jurisdictional amount. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 399 (9th Cir. 1996). In measuring the amount in controversy, the Court must assume that the allegations of the Complaint are true and that a jury will return a verdict in favor of Plaintiff on all claims asserted in the Complaint. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F.Supp.2d 1001 (C.D. Cal. 2002). Economic damages, non-economic damages, general damages, attorneys' fees and costs, and punitive damages all are included in determining the amount in controversy. See *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-1156 (9th Cir. 1998) (prayer for attorneys' fees included in determining the amount in controversy where potentially recoverable by statute); *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648 (9th Cir. 2016) (stating that compensatory and punitive damages are included in determining the amount in controversy).

11.     Here, Defendant reasonably and in good faith believes that the amount in controversy exceeds the jurisdictional requirement of 28 U.S.C. § 1332(a). Should Plaintiff prevail on his claims under California's Fair Employment and Housing Act and wrongful termination in violation of public policy, Plaintiff could be entitled to recover the amount he would have earned up to the present date, including benefits or pay increases.  See *Wise v. Southern Pac. Co.*, 1 Cal.3d 600, 607 (1970). Plaintiff alleges that he was employed by Defendant from July 2022 to August 2023. (See Ex. A, Complaint, ¶¶ 7, 18-20.) Plaintiff alleges that he was terminated because of his disability and in retaliation for exercising his workplace rights. (See Ex. A, Complaint, ¶¶ 21, 26.) Plaintiff's annual rate of pay was

LITTLER MENDELSON, P.C.
500 Capitol Mall, Suite 2000
Sacramento, CA 95814
916.830.7200

NOTICE TO FEDERAL COURT OF
REMOVAL OF CIVIL ACTION                    4.

$37,960.00, which amounts to approximately $730 per week (annual salary divided by 52). Plaintiff seeks compensatory damages including lost wages, salary, benefits and certain other incidental and consequential expenses and damages in an amount to be shown at the time of trial. (*Id*. at ¶¶ 36, 73, Prayer for Relief.)  As of the date of this Notice of Removal, it has been approximately 22 weeks since the Plaintiff was terminated by Defendant. Given Plaintiff's weekly rate of pay, Plaintiff alleges to have suffered at least $16,060 in damages in the form of lost income as of the date of this filing ($730 x 22 weeks), with the damages continuing through trial at a weekly rate of $730. Should trial take place one year from the date of removal, Plaintiff would have suffered another $37,960 in lost income ($730 x 52 weeks) for a total alleged lost income amount of $54,020.

12.     Plaintiff also seeks damages for mental and emotional distress. (See Ex. A, Complaint, ¶¶ 37, 44, 51, 58, 63, 74, Prayer for Relief.) Plaintiff's claims for mental and emotional distress damages augment the foregoing amounts and demonstrate that the jurisdictional prerequisites for removal of this action are met. See *Luckett v. Delta Airlines, Inc*., 171 F.3d 295, 298 (5th Cir. 1999) (claims for pain, suffering and humiliation properly may be factored into the jurisdictional analysis for purposes of removal). Although Defendant disputes that Plaintiff is entitled to any damages award, plaintiffs in employment cases have been awarded substantial sums for emotional distress.  See, e.g., *Swinton v. Potomac Corp*., 270 F.3d 794 (9th Cir. 2001), cert. denied, 535 U.S. 1018 (2002) (award of $30,000); *Dotson v. United States*, 87 F.3d 682 (5th Cir. 1996) (award of $25,000).  In *Kroske v. U.S. Bank Corp*., 432 F.3d 976 (9th Cir. 2005), cert denied, 127 S.Ct. 157 (2006), the Ninth Circuit upheld the lower court's finding that the amount in controversy had been established.  In reaching its holding, the Ninth Circuit reasoned that the plaintiff's "emotional distress damages would add at least an additional $25,000 to her claim" where she had only $55,000 in lost wages, thus satisfying the amount in controversy requirement "even without including a potential award of attorney's fees." *Id*. at 980.  A similar inference is appropriate here, as Plaintiff expressly seeks damages for emotional distress, including mental and physical symptoms from Defendant's alleged retaliation. Thus, based on *Kroske* and other analogous cases, the emotional distress component of Plaintiff's claims is likely to add at least $25,000 to the amount in controversy, if not more. The foregoing, when taken together with Plaintiff's claims for lost wages and other damages establishes that Plaintiff's total damages

LITTLER MENDELSON, P.C.
500 Capitol Mall, Suite 2000
Sacramento, CA 95814
916.830.7200

NOTICE TO FEDERAL COURT OF
REMOVAL OF CIVIL ACTION                5.

demand more likely than not exceeds the jurisdictional amount of $75,000.

13.    Additionally, if Plaintiff were to prevail on his wrongful termination cause of action, he would be entitled to seek attorneys' fees. Attorneys' fees are also included in the amount in controversy calculation when the underlying claims permit recovery of attorneys' fees. *Galt G/S*, 142 F.3d at 1156. While Plaintiff's attorneys' fees cannot be calculated precisely, it is reasonable to assume that they could exceed a damages award. *Simmons v. PCR Technology*, 209 F.Supp.2d 1029, 1035 (N.D. Cal. 2002) (holding that where attorneys' fees are "recoverable by statute," fees reasonably anticipated over the life of the litigation are included in the amount in controversy analysis); *Fritsch v. Swift Transportation Company of Arizona, LLC*, 2018 WL 3748667, at *2 (9th Cir. 2018) (in deciding amount in controversy issue, court may estimate the amount of reasonable attorneys' fees like to be recovered by plaintiff if she were to prevail). Moreover, past cases indicate that the award of attorneys' fees alone could reach or exceed the jurisdictional amount of $75,000. See *Mitchell v. GigOptix, LLC*, H036131, at *30 (Cal. Ct. App. Nov. 29, 2011) (noting the trial court's attorneys' fee award of $45,017.15, representing one-fourth of the total fees, for just the claims of unpaid wages, unpaid vacation, and unpaid meal breaks).

14.    The amount in controversy includes punitive damages unless (1) punitive damages are not recoverable as a matter of state law, and (2) it is a legal certainty that plaintiff would not be entitled to recover the jurisdictional amount. See *Anthony v. Security Pac. Fin. Servs.*, 75 F.3d 311, 315 (7th Cir. 1996); *St. Paul Reinsurance Co., Ltd. v. Greenberg* (5th Cir. 1998) 134 F.3d 1250, 1253-1254. Here, Plaintiff alleges that he is entitled to punitive damages for Defendant's alleged misconduct but does not provide a total amount of the alleged punitive damages sought. (See Adams. Decl., Ex. A, Complaint, ¶¶ 38, 45, 52, 59, 64, 75, Prayer for Relief.) With respect to punitive damages, California law does not provide any specific monetary limit on the amount of punitive damages which may be awarded under Civil Code section 3294, and the proper amount of punitive damages under California law is based on the reprehensibility of a defendant's misdeeds, the ratio between compensatory and punitive damages, and ratio between damages and a defendant's net worth. *Boyle v. Lorimar Productions, Inc.*, 13 F.3d 1357 (9th Cir. 1994). Jury verdicts in disability discrimination cases in California reflect the likelihood that if Plaintiff prevails at trial, his damages would clearly exceed the

LITTLER MENDELSON, P.C.
500 Capitol Mall, Suite 2000
Sacramento, CA 95814
916.830.7200

NOTICE TO FEDERAL COURT OF
REMOVAL OF CIVIL ACTION                    6.

$75,000 amount in controversy threshold. See e.g., *Rivera*, 2008 U.S. Dist. LEXIS 58610 at *10-11, citing *Kolas v. Access Business Group LLC*, 2008 WL 496470 (Los Angeles Super. Ct.) (jury awarded the plaintiff $200,000 in emotional distress damages for wrongful termination due to his age and an injury he incurred on the job); *Lopez v. Bimbo Bakeries USA Inc.*, 2007 WL 4339112 (San Francisco Super. Ct.) (jury awarded the plaintiff $122,000 in emotional distress damages and $2,000,000 in punitive damages for wrongful termination, failure to prevent discrimination and failure to accommodate a pregnant employee who requested fifteen-minute breaks every two hours); *Wysinger v. Automobile Club of Southern California*, 2006 WL 397031 (Santa Barbara Super. Ct.) (awarding $1,000,000 in punitive damages to an employee terminated due to his age and disability). Although Defendant vigorously denies Plaintiff's allegations, if Plaintiff were to prevail on his claims, the punitive damages alone could exceed the jurisdictional minimum.

15.    While Defendant's position is that Plaintiff is not entitled to damages in any amount, the total amount in controversy appears to be, at a minimum, well over $75,000 as of the date of this Notice of Removal. This sum is reflective of a potential amount in controversy of $16,060 in lost income through the date of removal, front-pay continuing at the weekly rate of $730 for a total of $37,960.00 if trial were to take place one year from the date of removal, at least $25,000 in emotional distress damages, and a possible award of punitive damages. Further, Plaintiff's attorney's fees should he prevail make it more likely than not that the total amount in controversy far exceeds the jurisdictional amount of $75,000. Consequently, the requirements of 28 U.S.C. § 1332(a) have been met in that the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and because this is a civil action between citizens of different states.

**B. Citizenship of Parties**

16.    To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and domiciled in a particular state. *Bank of N.Y. Mellon v. Nersesian*, 2013 WL 8284799, at *7 (C.D. Cal. 2013) (citing *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983)). Persons are domiciled in the places they reside with the intent to remain or to which they intend to return. *Nersesian*, 2013 WL 8284799, at *7 (citing *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001)). Residence is prima facie evidence of one's domicile. *Sadeh v. Safeco Ins. Co.*, 2012

LITTLER MENDELSON, P.C.
500 Capitol Mall, Suite 2000
Sacramento, CA 95814
916.830.7200

NOTICE TO FEDERAL COURT OF
REMOVAL OF CIVIL ACTION                7.

WL 10759737, at *4 (C.D. Cal. 2012) (citing *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994)).  Plaintiff currently resides in California.  (Adams Decl., Ex. A, Compl., ¶ 1). At the time of the events outlined in the Complaint, Plaintiff was employed with Defendant. Thus, Plaintiff is a citizen of California.

17.    Conversely, Defendant is not a citizen of California.  For purposes of 28 U.S.C. § 1332, "an unincorporated association shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized." 28 U.S.C. § 1332(d)(10).

18.    Defendant is a limited liability company. At the time of the filing of the Complaint, Defendant was, and still is, organized under the laws of the State of Arkansas and is therefore a citizen of the State of Arkansas.

19.    Defendant's principal place of business is in Arkansas. To determine a corporation's principal place of business, the courts apply the "nerve center test," which deems the principal place of business to be the state where a corporation's officers "direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 80-81 (2010). In practice, the principal place of business is "where the corporation maintains its headquarters." *Id.* at 92–93. Defendant maintains its principal place of business in Fort Smith, Arkansas, where its executive and administrative offices are located, and where the majority of its executive and administrative functions are performed.

20.    Another framework courts consider in determining citizenship of a limited liability company for diversity purposes is where a limited liability company is deemed to be a citizen of every state of which its members are citizens.  *See Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990); *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("An LLC is a citizen of every state of which its owners/members are citizens.").

21.    Even considering this alternative framework, Defendant still remains diverse to Plaintiff. Propak Logistics, LLC is a limited liability company organized under the laws of the Arkansas. At the time Plaintiff commenced this action and at the time of removal, Defendant had one member, which is incorporated in Delaware and maintains its principal place of business in Evanston, Illinois. None of the specified members reside in the State of California. Accordingly, for purposes of

LITTLER MENDELSON, P.C.
500 Capitol Mall, Suite 2000
Sacramento, CA 95814
916.830.7200

NOTICE TO FEDERAL COURT OF
REMOVAL OF CIVIL ACTION                    8.

diversity jurisdiction, under this alternative framework, Defendant is a citizen of Delaware and Illinois, and not a citizen of the State of California.

22. The presence of Doe defendants in this case has no bearing on diversity with respect to removal. *See* 28 U.S.C. § 1441(b)(1) ("In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded.").

23. Accordingly, the named Plaintiff is a citizen of a state (California) different from Defendant (Arkansas, Delaware, or Illinois), and diversity exists for purposes of removal. *See* 28 U.S.C. §§ 1332(d)(2)(A).

WHEREFORE, pursuant to 28. U.S.C. §1332, 1441, and 1446, Defendant removes this case from Superior Court of the State of California, County of Tehama, to United States Court for the Eastern District of California.

Dated: January 11, 2024                         LITTLER MENDELSON, P.C.


                                                */s/ Nicholas W. McKinney*
                                                JOHN H. ADAMS, JR.
                                                NICHOLAS W. MCKINNEY
                                                Attorneys for Defendant
                                                PROPAK LOGISTICS, LLC


4880-1084-0732.1 / 084655-1010

LITTLER MENDELSON, P.C.
500 Capitol Mall, Suite 2000
Sacramento, CA 95814
916.830.7200

NOTICE TO FEDERAL COURT OF
REMOVAL OF CIVIL ACTION                    9.