# EXHIBIT A

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA  95814
916.830.7200

Manny Starr (319778)
manny@frontierlawcenter.com
Joseph Gross (332258)
Joseph@frontierlawcenter.com
**FRONTIER LAW CENTER**
23901 Calabasas Road, Suite 1084
Calabasas, CA 91302
Telephone: (818) 914-3433
Facsimile: (818) 914-3433

Attorneys for Plaintiff,
STEPHEN KELL JR.

ELECTRONICALLY
**FILED**
SUPERIOR COURT OF CALIFORNIA
12/1/2023 11:44 AM
County of Tehama
Kevin Harrigan, Clerk of the Court
Gregoria Guardado
By_____, Deputy
EFILED

## IN THE SUPERIOR COURT OF CALIFORNIA

## COUNTY OF TEHAMA

| | |
|---|---|
| STEPHEN KELL JR.,<br><br>Plaintiff,<br><br>v.<br><br>PROPAK LOGISTICS, LLC., ; and DOES 1 through 100,<br><br>Defendants. | Case No.     23CI-000329<br><br>**COMPLAINT**<br><br>1. Disability Discrimination – Disparate Treatment (Gov't Code §12940(a));<br>2. Failure to Engage in Interactive Process (Gov't Code §12940 (n));<br>3. Failure to Accommodate Disability (Gov't Code §12940(m));<br>4. Retaliation in Violation of FEHA (Gov't Code § 12940(h)); and<br>5. Failure to Prevent Discrimination and Retaliation (Gov't Code § 12940(k))<br>6. Wrongful Termination in Violation of Public Policy |

## **RELEVANT PARTIES**

1.     Plaintiff STEPHEN KELL JR. ("Plaintiff") is an individual residing in the County of Tehama, California.

2.     Defendant PROPAK LOGISTICS, LLC., ("Defendant" or "Propak") is a Arkansas corporation operating in the Tehama, California.

3.     The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants DOES 1 through 10, inclusive, are unknown to Plaintiff at this time. Plaintiff therefore sues said Defendants by such fictitious names and will seek leave to amend this Complaint to insert

1

COMPLAINT

the true names and capacities of said Defendants when the same become known to Plaintiff. Plaintiff is informed and believes, and thereon alleges, that each of the fictitiously named Defendants is responsible for the wrongful acts alleged herein, and is therefore liable to Plaintiff as alleged hereinafter.

4.      Plaintiff is informed and believes, and thereon alleges, that at all relevant times, each Defendant was the agent, employee, alter ego, and/or joint venturer of each of the remaining Defendants, and in doing the acts alleged herein, was acting in the course and scope of such agency, employment, joint venture, and/or alter ego relationship with full knowledge and consent of each of the other Defendants. Whenever and wherever reference is made in this Complaint to any act or failure to act by a Defendant or co-Defendant, such allegations and references shall also be deemed to mean the acts and/or failures to act by each Defendant acting individually, jointly, and severally.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over Defendants because each Defendant either resides in, or maintains offices and transacts business in, the County of Tehama, California.

6.      Venue is proper in this Court pursuant to Code of Civil Procedure § 395, because Defendants transact business here, and the unlawful practices complained of herein occurred in this County.

## FACTUAL ALLEGATIONS

7.      Plaintiff worked for Defendant as a pallet sorter from July 2022 to March 2023.

8.      Plaintiff's job duties as a pallet sorter included manually lifting, moving, and sorting pallets. This required frequent lifting of over 50 pounds.

9.      In March 2023, Plaintiff suffered an on-the-job injury when a heavy pallet fell on his hand, causing severe damage.

10.      Plaintiff reported the injury and filed a workers' compensation claim. Defendant accepted the claim.

11.      Plaintiff took leave beginning in March 2023 to treat his work-related hand injury. His doctors diagnosed him with a torn tendon and nerve damage.

12.      Plaintiff's hand injury constituted a physical disability under FEHA, as it limited major life activities including working, lifting, and manual tasks.

2

COMPLAINT

13.     In July 2023, Plaintiff's supervisor Ken contacted Plaintiff and asked him to return to work in a light duty position sorting small cardboard boxes rather than heavy pallets.

14.     Plaintiff provided Ken with updated work restrictions from his doctor limiting Plaintiff to lifting no more than 10 pounds with his injured hand.

15.     Upon returning to work in the light duty position in July 2023, Plaintiff informed Ken that he was experiencing hand cramps and pain from lifting boxes.

16.     Plaintiff requested further accommodation from Ken, showing him the lower restrictions from Plaintiff's doctor limiting Plaintiff to less than 10 pounds.

17.     Ken refused to provide any accommodation, falsely claiming Plaintiff could lift up to 50 pounds within his restrictions, and required Plaintiff to continue working in the box sorting job.

18.     In August 2023, Plaintiff took one day off work to attend a medical appointment for his injured hand. He left a voicemail for Ken explaining the absence was for medical treatment related to his workplace injury.

19.     When Plaintiff returned to work the next day, Ken accused Plaintiff of a no call/no show and issued formal disciplinary write-up.

20.     Within hours, Ken and his supervisor, Anthony, called Plaintiff into a meeting and terminated his employment.

21.     Ken claimed Plaintiff was fired for the no call/no show write-up. However, this was a pretext for disability discrimination.

22.     Plaintiff had no prior attendance issues or discipline during his employment with Defendant.

23.     Defendant had a pattern of refusing to accommodate injured workers, pressuring them to return prematurely, disciplining them for absences, and then terminating their employment.

24.     Plaintiff's disability and need for accommodation were motivating factors in Defendant's decision to terminate Plaintiff's employment.

25.     Defendant failed to engage in the interactive process in good faith or provide reasonable accommodation for Plaintiff's known disability.

26.     Defendant retaliated against Plaintiff for attempting to exercise his workplace rights under FEHA.

3

COMPLAINT

27.    Defendant failed to take reasonable steps to prevent the discrimination, harassment and retaliation against Plaintiff.

## PLAINTIFF HAS EXHAUSTED THEIR ADMINISTRATIVE REMEDIES

28.    On October 11, 2023, Plaintiff submitted a Complaint regarding Defendants' discriminatory conduct, Defendants' failure to accommodate Plaintiff's disability or engage in a timely good-faith, interactive process, Defendants' retaliatory conduct requesting accommodation, and Defendants' abject failure to prevent this from occurring, to the California Civil Rights Department ("CCRD"). CCRD issued an immediate right-to-sue letter on October 11, 2023.

## FIRST CAUSE OF ACTION

### Disability Discrimination – Disparate Treatment

### (Violation of FEHA, Gov't Code §§ 12940(a))

### Against All Defendants

29.    Plaintiff incorporates by reference paragraphs 1 through 28 above as though fully set forth herein.

30.    At all relevant times, Plaintiff was employed by Defendant.

31.    Plaintiff has a physical disability within the meaning of Government Code §12926(m). Specifically, Plaintiff suffers from a torn tendon and nerve damage in his hand limiting major life activities including working, lifting, and performing manual tasks.

32.    Defendant was aware of Plaintiff's disability and work restrictions, as Plaintiff provided medical documentation to his supervisor Ken.

33.    Plaintiff was able to perform the essential duties of his job with reasonable accommodation for his disability.

34.    Defendant terminated Plaintiff's employment.

35.    Plaintiff's physical disability was a substantial motivating reason for Defendant's decision to terminate Plaintiff's employment.

4

COMPLAINT

36.    As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and continues to suffer substantial losses in earnings and job benefits.

37.    As a further direct and proximate result of Defendant's conduct, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to his damage in an amount according to proof.

38.    Defendant committed the acts herein alleged maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Plaintiff, and acted with an improper and evil motive amounting to malice or in conscious disregard for Plaintiff's rights. Plaintiff is thus entitled to recover punitive damages from Defendant in an amount according to proof.

## SECOND CAUSE OF ACTION

### Failure to Engage in Interactive Process

### (Violation of FEHA, Gov't Code §§ 12940 (n))

### Against All Defendants

39.    Plaintiff incorporates by reference paragraphs 1 through 38 above as though fully set forth herein.

40.    At all relevant times, Plaintiff was employed by Defendant.

41.    Defendant was aware that Plaintiff had a physical disability that affected his ability to work.

42.    Plaintiff requested reasonable accommodation for his disability in the form of modified work duties.

43.    Defendant failed to engage in a timely, good faith interactive process with Plaintiff to determine effective reasonable accommodations for Plaintiff's known physical disability.

44.    As a proximate result of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to his damage in an amount according to proof.

45.    Defendant committed the acts herein alleged maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Plaintiff, and acted with an improper and evil motive

COMPLAINT

amounting to malice or in conscious disregard for Plaintiff's rights. Plaintiff is thus entitled to recover punitive damages from Defendant in an amount according to proof.

### THIRD CAUSE OF ACTION

**Failure to Accommodate Disability**

**(Violation of FEHA, Gov't Code §§ 12940(m))**

**Against All Defendants**

46.     Plaintiff incorporates by reference paragraphs 1 through 45 above as though fully set forth herein.

47.     At all relevant times, Plaintiff was employed by Defendant.

48.     Plaintiff has a physical disability within the meaning of Government Code §12926(m), of which Defendant was aware.

49.     Plaintiff was able to perform the essential job duties with reasonable accommodation for his disability.

50.     Defendant failed to provide reasonable accommodation for Plaintiff's disability, including but not limited to modifying his work duties.

51.     As a proximate result of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to his damage in an amount according to proof.

52.     Defendant committed the acts herein alleged maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Plaintiff, and acted with an improper and evil motive amounting to malice or in conscious disregard for Plaintiff's rights. Plaintiff is thus entitled to recover punitive damages from Defendant in an amount according to proof.

///

///

///

///

///

6

COMPLAINT

## FOURTH CAUSE OF ACTION

### Retaliation in Violation of FEHA

### (Gov't Code § 12940(h))

### Against All Defendants

53.    Plaintiff incorporates by reference paragraphs 1 through 52 above as though fully set forth herein.

54.    At all relevant times, Plaintiff was employed by Defendant.

55.    Plaintiff engaged in protected activity under FEHA by requesting reasonable accommodation for his known physical disability.

56.    Defendant terminated Plaintiff's employment.

57.    Plaintiff's protected activity was a substantial motivating reason for Defendant's decision to terminate Plaintiff's employment.

58.    As a proximate result of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to his damage in an amount according to proof.

59.    Defendant committed the acts herein alleged maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Plaintiff, and acted with an improper and evil motive amounting to malice or in conscious disregard for Plaintiff's rights. Plaintiff is thus entitled to recover punitive damages from Defendant in an amount according to proof.

## FIFTH CAUSE OF ACTION

### Failure to Prevent Discrimination and Retaliation

### (Gov't Code § 12940(k))

### Against All Defendants

60.    Plaintiff incorporates by reference paragraphs 1 through 59 above as though fully set forth herein.

61.    At all relevant times, Plaintiff was employed by Defendant.

7

COMPLAINT

62. Defendant failed to take reasonable steps to prevent discrimination and retaliation against Plaintiff on the bases of his disability and/or engagement in protected activity.

63. As a proximate result of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to his damage in an amount according to proof.

64. Defendant committed the acts herein alleged maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Plaintiff, and acted with an improper and evil motive amounting to malice or in conscious disregard for Plaintiff's rights. Plaintiff is thus entitled to recover punitive damages from Defendant in an amount according to proof.

## SIXTH CAUSE OF ACTION

### Wrongful Termination in Violation of Public Policy

### Against All Defendants

65. Plaintiff incorporates by reference paragraphs 1 through 59 above as though fully set forth herein.

66. At all relevant times, Plaintiff was employed by Defendant.

67. Plaintiff suffered an industrial injury arising out of and in the course of his employment with Defendant.

68. Plaintiff filed a valid claim for workers' compensation benefits with Defendant.

69. Defendant was aware that Plaintiff had filed the workers' compensation claim.

70. Labor Code §132a prohibits employers from discharging or discriminating against an employee who has filed a workers' compensation claim.

71. Defendant terminated Plaintiff's employment in retaliation for Plaintiff filing a workers' compensation claim.

72. Defendant's retaliatory termination of Plaintiff's employment violates the public policy of the State of California, as embodied in Labor Code §132a, prohibiting retaliation against employees who file workers' compensation claims.

8

COMPLAINT

73.     As a proximate result of Defendant's wrongful termination in violation of public policy, Plaintiff has sustained and continues to sustain substantial losses in earnings, employment benefits, and other employment opportunities.

74.     As a further proximate result of Defendant's wrongful termination of Plaintiff in violation of public policy, Plaintiff has suffered humiliation, emotional distress, and mental pain and anguish, all to his damage in an amount according to proof.

75.     Defendant committed the acts herein alleged maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Plaintiff, and acted with an improper and evil motive amounting to malice or in conscious disregard for Plaintiff's rights. Plaintiff is thus entitled to recover punitive damages from Defendant in an amount according to proof.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

1. For past and future loss of income and benefits;

2. For emotional distress damages;

3. For punitive and exemplary damages;

4. For reasonable attorneys' fees and costs of suit;

5. For prejudgment interest; and

6. For such other and further relief as the Court deems just and proper.

DATED: December 1, 2023

/s/ Joseph Gross
Joseph Gross
Attorney for Plaintiff
STEPHEN KELL JR.

9

COMPLAINT

## **JURY DEMAND**

Plaintiff demands a trial by jury on all causes of action.

DATED: December 1, 2023

/s/ Joseph Gross
Joseph Gross
Attorney for Plaintiff
STEPHEN KELL JR.

10

COMPLAINT